**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| **CHAMBERS OF**<br>**STEPHANIE A. GALLAGHER**<br>**UNITED STATES DISTRICT JUDGE** | **101 WEST LOMBARD STREET**<br>**BALTIMORE, MARYLAND 21201**<br>**(410) 962-7780** |

August 25, 2020

LETTER TO THE PARTIES

     RE:    *Bruce P. v. Saul*;
              Civil No. SAG-19-3053

Dear Plaintiff and Counsel:

     On October 18, 2019, Plaintiff Bruce P., who appears *pro se*, petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny his claim for Widower's Insurance Benefits. ECF No. 1. I have considered the parties' cross motions for summary judgment and Plaintiff's response. ECF Nos. 15, 19, 21. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the SSA's motion, and affirm the SSA's judgment pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

     On January 19, 2017, Plaintiff applied for widower's insurance benefits. Administrative Transcript ("Tr.") 63-71. On February 7, 2017, the SSA notified Plaintiff that, although he was entitled to monthly widower's benefits, he would not be paid because the amount of his benefit was less than two-thirds of the amount of his government pension. Tr. 60-62. Upon Plaintiff's request for reconsideration, the SSA affirmed its initial determination on July 10, 2017. Tr. 39-41. On October 22, 2018, a hearing was held before an Administrative Law Judge ("ALJ"). Tr. 72-81. Following the hearing, the ALJ issued an unfavorable decision on November 14, 2018. Tr. 10-15. The Appeals Council denied Plaintiff's request for further review, Tr. 4-7, so the ALJ's decision constitutes the final, reviewable decision of the Agency.

     Plaintiff worked for the United States Postal Service from 1980 through 2009. Tr. 78-79. Plaintiff's earnings from his government employment were not covered by Social Security.[1] Tr. 24. Based on that employment, he receives a government pension of $2,574.00 per month. Tr. 19, 64. The Government Pension Offset ("GPO") provision of the Social Security Act provides that the amount of an individual's monthly Social Security benefit "shall be reduced (but not below zero) by an amount equal to two-thirds of the amount of any monthly periodic benefit payable to such individual for such month which is based upon such individual's earnings while

---

[1] "Noncovered employment" is defined as "Federal, State, or local government employment that Social Security did not cover and for which you did not pay Social Security taxes." 20 C.F.R. § 404.408a(a)(ii).

in the service of the Federal Government or any State (or political subdivision thereof . . . .)." 42 U.S.C. § 402(k)(5)(A).

The SSA found that Plaintiff became entitled to receive widower's benefits in February 2017. Tr. 60. Despite this entitlement, the SSA determined that Plaintiff's receipt of a government pension subject to the GPO provision required reduction of his Social Security widower's benefits. *Id*. The ALJ confirmed the SSA's calculation that two-thirds of Plaintiff's pension amount, $1,720.00, exceeded the amount of his widower's benefits, $1,230.70. Tr. 14. Consequently, the ALJ found that no widower's benefits were payable to Plaintiff. Tr. 15. In a letter to the Appeals Council, Plaintiff argued that the GPO provision did not apply to him. Tr. 16-17 ("I am not a Government Pension Offset. I do not fall under the definition of what is considered offset."). On appeal to this Court, Plaintiff asks that the Court rule in his favor. ECF Nos. 15, 21.

Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971). In considering the record, and given the evidence outlined above, I find that the ALJ's calculation of Plaintiff's widower's benefits was supported by substantial evidence and that the ALJ applied the correct legal standards. The GPO provision requires reduction of a Social Security benefit by two-thirds of the amount of any monthly periodic benefit payable to an individual based upon "such individual's earnings while in the service of the Federal Government . . . ." 42 U.S.C. § 402(k)(5)(A); 20 C.F.R § 404.408a. Although Plaintiff argued to the Appeals Council that the GPO provision did not apply to him, there is no evidence that any of the exceptions of 20 C.F.R § 404.408a(b) apply in this case. The record shows that Plaintiff was employed by the Federal Government and did not pay Social Security taxes. The record also shows that he receives a monthly periodic benefit of $2,574.00 for his employment in the Federal Government, and that two-thirds of his monthly benefit is more than the amount of his widower's benefits. Accordingly, substantial evidence supports the ALJ's decision, and the ALJ did apply the correct legal standards in determining that Plaintiff's Social Security widower's benefits should be reduced pursuant to section 402(k)(5)(A). Therefore, the SSA's decision will be affirmed.

For the reasons set forth herein, Defendant's Motion for Summary Judgment, ECF No. 19, is GRANTED. The SSA's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to CLOSE this case.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States District Judge
